# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENARD DARNELL NEAL, | CASE NO. 1:08-cv-01557-YNP PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| UNITED STATES PENITENTIARY ATWATER, et al., | (Doc. 19) |
| Defendants. | |

Plaintiff Denard Darnell Neal ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in what this court construes as a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff was incarcerated at the United States Penitentiary in Atwater, California ("USP-Atwater") when the events in his complaint took place. Plaintiff names Hector A. Rios (warden, USP-Atwater), Alicia Gonzaga (mailroom supervisor), Kathy Burghardt Cobb (inmate trust fund controller), P. Carroll (custody staff), Jesse Estrada (special investigation agent), Joel Zaragoza ("S.I.S.[1]" staff), Jesus Valero ("S.I.S." Tech), and Robert Martinez (mailroom clerk) as defendants.

///
///

---

[1] Plaintiff does not explain what "S.I.S." stands for.

1

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Background

### A. Procedural Background

Plaintiff initiated this action on October 16, 2008 with a pleading titled "Notice and Affidavit by Special Visitation of Third Party Interpleader; Petition for Writ of Mandamus". (Doc. #1.) The court construed Plaintiff's pleading as a Bivens complaint to vindicate alleged violations of Plaintiff's constitutional rights. The court screened the "complaint" on April 1, 2009 and dismissed it for failure to state any claims, and gave Plaintiff the opportunity to file an amended complaint that states cognizable claims. (Doc. #8.) Plaintiff filed his First Amended Complaint on May 6, 2009.
///

(Doc. #10.) Plaintiff filed a Second Amended Complaint on July 16, 2009. (Doc. #19.) This action proceeds on Plaintiff's Second Amended Complaint.

### B. Factual Background

Plaintiff's Second Amended Complaint is difficult to understand and is at times incoherent.[2] Plaintiff appears to complain chiefly of three issues: 1) that his property is being stolen by prison officials; 2) his mail is being tampered with; and 3) that he was falsely accused of counterfeiting a promissory note.

On September 16, 2008, Plaintiff alleges that USP-Atwater was placed back on emergency lock-down after being removed from lock-down status on June 20, 2008. On October 2, 2008, staff entered Plaintiff's housing unit to conduct a weapons search. Plaintiff was instructed by staff to bag all of his property up, which Plaintiff did. Plaintiff was instructed to move to the "Secured Corridor", which Plaintiff alleges is an area where staff are unseen by other prisoners and used to avoid any accountability for damage done to prisoners' property. When Plaintiff returned to his cell, Plaintiff noticed that some of his legal materials were missing. Plaintiff alleges that the missing legal materials were related to a pending civil action in the United States Court of Appeals for the District of Columbia, and pertained to a civil action against the National Administrative Remedy Coordinator for the Bureau of Prisons in Washington D.C. All the documents pertaining to this case was seized as well as other legal documents related to Plaintiff's mother's taxes. Plaintiff alleges that Defendant Cobb directed and supervised all mass searches during lock-downs at USP-Atwater.

Plaintiff also alleges that staff at USP-Atwater have been tampering with his mail and that on one occasion, Plaintiff was charged with a retaliatory incident report accusing him of forging promissory notes.

---

[2]Plaintiff's incoherent pleading, which the court construes as his Second Amended Complaint, is bewilderingly titled "NOTICE AND AFFIDAVIT BY SPECIAL VISITATION OF THIRD PARTY INTERPLEADER; Denard-Darnell". (Compl. 1.) The opening paragraph states:
> I, Denard-Darnell, sui juris, of the Neal Family, in my capacity as the Secured Party/Creditor, Holder-In-Due-Course, Trade Name Owner, Record Owner, International Protected MAN upon the soil of the Iowa Republic, Illinois Republic, Florida Republic, and California Republic, beneficiary of the Original Jurisdiction, do present this document by Affidavit, Waving No Powers, Rights or Immunities by use of Private, copyrighted statutes, absent and proven by contract affixed with my proper signatures and seal.

(Compl. 2.)

3

**III.     Discussion**

    **A.     Exhaustion Requirement**

Plaintiff is required to exhaust any administrative remedies available to him before bringing suit. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must complete the administrative remedy process even if he/she is seeking relief that is not offered by the administrative grievance process. Booth v. Churner, 532 U.S. 731, 733 (2001) (inmate seeking money damages must exhaust administrative remedies even if administrative process does not provide for money damages). Further, section 1997e(a) requires proper exhaustion - a prisoner must complete the administrative grievance process in accordance with all applicable procedural rules, including deadlines, before bringing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 83 (2006). Finally, prisoners must exhaust their administrative remedies before filing suit - "a prisoner does not comply with [the requirements of section 1997e(a)] by exhausting available remedies during the course of litigation." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

In Plaintiff's complaint, Plaintiff alleges that he was unable to exhaust his administrative remedies. Plaintiff states:

> [Plaintiff's] attempt to exhaust administrative remedies has been block[ed] by U.S.P. Atwater administrative remedy coordinator Jessie Gonzales who has refuse[d] to enforce the administrative remedy program at U.S.P. Atwater. [Plaintiff's] attempts to forward remedies to the regional office has been block[sic] by mailroom staff in which mailroom staff open and steal [Plaintiff's] mail. The Regional office has been made aware of the theft of [Plaintiff's] mail containing administrative remedies . . . . Also the administrative remedy system is in-adequate[sic] to address prison staff criminal action as once the remedy is file[d] prison staff destroy the remedies in order to protect fellow staff, thereby denying any viable opportunity of seeking Redress of Grievance at U.S.P. ATWATER. [Plaintiff] can not exhaust administrative remedies that are not available.

(Compl. 3-4.) The Court's best interpretation of Plaintiff's somewhat convoluted explanation is that Plaintiff attempted to file administrative grievances but the grievances were intercepted and destroyed by mailroom staff.

///

While Plaintiff is not required to specifically plead or demonstrate exhaustion in his complaint, Jones v. Bock, 549 U.S. 199, 216 (2007), Plaintiff's allegations show that for many of the claims he has added in this Second Amended Complaint, either Plaintiff did not make a bona fide attempt to exhaust his administrative remedies or he attempted to exhaust his administrative remedies after he filed this lawsuit. Plaintiff filed the original complaint in this action on October 16, 2008. Plaintiff complains about incidents occurring after he initiated this action, including incidents when his mail was tampered with or stolen and an incident where Plaintiff was accused of forging a promissory note. While Plaintiff describes one incident of mail tampering that occurred on June 1, 2008 that is properly the subject of this suit, the remaining mail tampering incidents occurred after October 16, 2008. Plaintiff alleges that he was accused of forging a promissory note on June 14, 2009.

Plaintiff's allegations show that, of the three sets of claims that Plaintiff brings forth in his Second Amended Complaint, Plaintiff could only have exhausted his administrative remedies for the cell search claim by the time Plaintiff filed suit[3], and one claim of mail tampering that was alleged to have occurred on June 1, 2008. The remaining two sets of claims occurred after Plaintiff filed suit.[4] Thus, it would have been impossible for Plaintiff to even attempt to exhaust his administrative remedies regarding these claims before he had filed suit. Even accepting Plaintiff's allegations as true that Defendants were blocking Plaintiff's pursuit of administrative remedies, Plaintiff would not have known this until after Plaintiff had filed the original complaint in this action. Thus, Plaintiff did not exhaust his administrative remedies prior to filing suit.

The Court will not permit Plaintiff to expand the scope of this litigation by adding unexhausted claims that occurred after Plaintiff filed the original complaint in this action. For this

---

[3] The Court notes that given the date of the incident (October 2, 2008) and the date of filing suit (October 16, 2008), Plaintiff's claims that he exhausted his administrative remedies are dubious, given the improbability that Plaintiff would have known that mailroom staff at USP-Atwater were blocking his attempts to pursue administrative remedies in such a short amount of time.

[4] One incident of mail tampering started before Plaintiff filed suit, but Plaintiff alleges that he did not receive the tampered mail until after he filed this action. Thus, Plaintiff would not have known about the incident, and would not have attempted to exhaust administrative remedies until after he filed this action and that incident is not properly the subject of this lawsuit.

5

reason, the Court will dismiss Plaintiff's mail tampering claims and retaliatory incident report claims without prejudice. To the extent that Plaintiff wishes to pursue these claims, Plaintiff must pursue them in a separate action, after he has fully exhausted his administrative remedies. Any future attempt to expand the scope of litigation by adding claims that occurred after Plaintiff initiated this action will result in this action being dismissed for Plaintiff's failure to obey a court order.

### B.     Cell Search/Property Claims

#### 1.     Contracts Clause Claims

Plaintiff claims that his legal property was stolen my staff during a cell search. Plaintiff appears to allege that Defendant Cobb interfered with his rights under the Contracts Clause of the U.S. Constitution, which states that:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility

U.S. Const. art. I, § 10, Cl. 1. Plaintiff has offered no explanation as to how Article 1, Section 10 – which proscribes a state from impairing the obligation of any contract – is implicated in a lawsuit against federal officials. Further, it is implausible that USP-Atwater would enter into a contract with Plaintiff that specifically prohibited them from stealing Plaintiff's property. A promise to refrain from wrongful conduct directed at the promisee or a third person is not valid consideration for a contract. Kallen v. Delug, 157 Cal. App. 3d 940, 949 (1984). "A bargain, the sole consideration of which is refraining or promising to refrain from committing a crime or tort, or from deceiving or wrongfully injuring the promisee or a third person, is illegal." Restatement (First) of Contracts § 578 (2009). Plaintiff's nonsensical legal theory is patently frivolous.

#### 2.     Fourth/Fifth Amendment Claims

Plaintiff claims that the seizure of his legal documents during a cell search violated his rights under the Fourth Amendment. "[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property." Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989). "This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments." Id. However, the Fifth Amendment is equally unavailing to

1  Plaintiff's claims. The Due Process Clause protects prisoners from being deprived of property
2  without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a
3  protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974).
4  Whether a deprivation of property rises to the level of a constitutional violation depends on whether
5  the deprivation was negligent or unauthorized. A negligent deprivation of property does not violate
6  the Due Process Clause when adequate post-deprivation remedies are available because pre-
7  deprivation process is impracticable since the state cannot know when such deprivations will occur.
8  Hudson v. Palmer, 468 U.S. 517, 533 (1984). Similarly, an intentional, but unauthorized,
9  deprivation of property does not violate the Due Process Clause when adequate post-deprivation
10 remedies are available. Id. California Law provides an adequate post-deprivation remedy for any
11 unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing
12 Cal. Gov't Code §§ 810-895).

13  Plaintiff alleges that his legal materials were confiscated in an intentional, but unauthorized
14 manner and due process provides no remedy for the intentional, but unauthorized deprivation of
15 property. Plaintiff fails to state a claim for violation of either the Fourth or Fifth Amendment.

16              **3.      Access to Courts Claims**

17  Plaintiff claims that staff confiscated his legal materials with the intention to disrupt
18 Plaintiff's right to seek "redress of grievance", which the Court construes as interfering with
19 Plaintiff's constitutional right of access to the courts. Prisoners have a constitutional right of access
20 to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821
21 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of
22 prison grievance procedures); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis,
23 895 F.2d 608, 609 (9th Cir. 1989) (per curiam). To establish a violation of the right of access to the
24 courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional
25 requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at
26 349. An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such
27 as the inability to meet a filing deadline or to present a claim.'" Id. at 348. The right of access to
28 the courts does not require the State to enable prisoners to discover grievances and litigate effectively

once in court. Id. at 354. Further, the right of access to the courts only pertains to attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, habeas petitions, and civil rights actions. Id.

Plaintiff has not alleged that he has suffered an actual injury as a result of Defendants' actions in confiscating his legal materials. Plaintiff has not alleged that he missed any deadlines, or that his case was dismissed as a result of Defendants' actions. Further, the right of access to the courts only applies to direct appeals from convictions, habeas petitions, and civil rights actions. Plaintiff alleges that some of the documents pertained to a civil action against the National Administrative Remedy Coordinator for the Bureau of Prisons, which may have been a civil rights action. However, Plaintiff's documents regarding his mother's tax situation do not appear to be related to the types of actions protected by the right of access to the courts.

Finally, Plaintiff does not allege that any of the named Defendants were the staff members that searched Plaintiff's cell and seized his legal materials. The only named Defendant that Plaintiff associates with his cell search claim is Kathy Cobb, whom Plaintiff identifies as the "inmate trust fund controller and supervisor of the search teams" at USP-Atwater. Plaintiff has not alleged sufficient allegations to hold Kathy Cobb liable. Plaintiff alleges that Cobb directed and supervised all the mass searches during lock-downs at USP-Atwater. Plaintiff does not allege the Cobb was present during Plaintiff's cell search, or that Cobb specifically directed USP-Atwater staff to seize Plaintiff's legal property with the intent to jeopardize his litigation. Cobb is not liable in a Bivens action under a theory of respondeat superior. The causal link between Cobb and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 or Bivens based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor

v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not specifically alleged a sufficient link between Defendant Cobb and the alleged constitutional violation, and therefore fails to state a claim against her.

### C.     Mail Tampering Claims

Plaintiff complains that staff at USP-Atwater are tampering with his mail. Plaintiff alleges that on June 1, 2008, "Respondents did knowingly and willingly retard the passage of mail belonging to [Plaintiff] when Respondents stole [Plaintiff's] mail from an authorized mail depository". (Compl. 31.) While a prisoner possesses a First Amendment right to send and receive mail, see Thornburgh v. Abbott, 490 U.S. 401, 407 (1989), a prison may adopt regulations which impinge on an prisoner's constitutional rights where those regulations are "reasonably related to legitimate penological interests", Turner v. Safley, 482 U.S. 78, 89 (1987). Prisons may visually inspect the contents of a prisoner's outgoing mail to address the legitimate penological interest of preventing prisoners from sending offensive or harmful materials through outgoing mail. Witherow v. Paff, 52 F.3d 264, 265-66 (9th Cir. 1995). Plaintiff's vague allegation that his June 1, 2008 mail was "retard[ed]" is not sufficient to rise to the level of a constitutional violation. Plaintiff does not provide any allegations regarding how long the June 1, 2008 mail was delayed.

Plaintiff complains that Defendant Alicia Gonzaga violated "Title-18, Part-1, Chapter-47, Section 1001-STATEMENTS OR ENTRIES GENERALLY MATERIALLY FALSE". (Compl. 31-32.) 18 U.S.C. § 1001 is a criminal statute prohibiting the making of fraudulent statements in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States. Plaintiff alleges that Gonzaga "did knowingly and willingly falsify government documentation". (Compl. 31.)

Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the court. United States v. Batchelder, 442 U.S. 114, 124 (1979); see Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973) (prosecution of state officials for alleged violation of inmates' federal civil rights is for discretion of U.S. Attorney). Nor do criminal statutes generally provide a private cause of action or a basis for civil liability. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§

9

241, 242 provide no private right of action and cannot form basis for civil suit); Pawelek v. Paramount Studios Corp., 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations). Plaintiff has not provided any points of law that suggest that he is entitled to damages in a civil action for Defendant Gonzaga's alleged violation of a criminal statute. Plaintiff fails to state any cognizable claims related to the alleged June 1, 2008 incident of mail tampering.

### D.  Unrelated Claims

Plaintiff has offered no allegations showing why his cell search claims and his mail tampering claims should be brought in a single lawsuit. Federal Rule of Civil Procedure 18(a) allows multiple claims against a single party and Federal Rule of Civil Procedure 20(a) allows multiple parties to be joined where the right to relief arises out of the same "transaction, occurrence, or series of transactions". However, unrelated claims involving different defendants belong in different suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This is not only to avoid confusion, but also to ensure that prisoners pay the required filing fees and to prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[5] 28 U.S.C. § 1915(g).

Plaintiff's cell search claims are against Defendant Cobb. Plaintiff's June 1, 2008 mail tampering claims involve Defendant Gonzaga, and possibly Defendants Carroll, Orozco, Estrada, Zaragoza, and Martinez. Therefore, Plaintiff's cell search claims and mail tampering claims arise from separate transactions or occurrences, and do not involve the same defendants. Plaintiff may not bring both claims in the same lawsuit.

### IV.  Conclusion and Order

The Court has screened Plaintiff's Second Amended Complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned

///

---

[5] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. §1915(a),(g).

10

that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations'", "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 1, 2009**                   /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE